IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEONARD FIRTH, § | | |
|    Plaintiff, § | CIVIL ACTION NO. H-04-0659 | |
| § | | |
| VS. § | | |
| § | JURY TRIAL DEMANDED | |
| DON MCGILL OF WEST § | | |
| HOUSTON, LTD. F/K/A § | | |
| DON MCGILL TOYOTA, INC., § | JUDGE DAVID HITTNER | |
|    Defendant. § | | |

**MOTION FOR ENTRY OF JUDGMENT, POST
JUDGEMENT INTEREST, AND MOTION FOR AWARD
OF ATTORNEYS' FEES AND TAXABLE COSTS**

Plaintiff Leonard Firth ("Firth" or "Plaintiff") files this Motion for Entry of Judgment, Motion for Post Judgment Interest, and Motion for Award of Attorneys Fees and Taxable Costs, and in support respectfully states to the Court the following:

**I.
BACKGROUND**

On January 20, 2006, the jury returned a verdict in favor of Plaintiff against the Don McGill of West Houston, Ltd. f/k/a Don McGill Toyota, Inc. ("Defendant") on his claim of retaliation for taking leave under the FLMA. Consistent with this Honorable Court's order, Plaintiff now files

this Motion which seeks (1) attorneys' fees; (2) taxable court costs; (3) pre-judgment interest; (4) post-judgment interest; and (5) the entry of judgment in favor of Firth.

## II.
## PRE-JUDGMENT INTEREST

The decision to award pre-judgment interest on a back pay award normally rests within the sound discretion of the district court. *See Gloria v. Valley Grain Products, Inc.*, 72 F.3d 497, 499 (5th Cir. 1996) (finding that district court did not abuse discretion in failing to award pre-judgment interest in back pay); *Sellers v. Delgado Community College*, 839 F.2d 1132 (5th Cir. 1988) (finding that court abused its discretion in failing to award pre-judgment interest). However, the Fifth Circuit has clearly stated on numerous occasions that normally pre-judgment interest is an element that should be included in back pay. *See Gloria*, 72 F.3d at 499; *Sellers*, 839 F.2d at 1140.

While federal law authorizes pre-judgment interest for back pay awards, federal law does not provide a rate for pre-judgment interest. Accordingly, it is within the discretion of the district court to set an equitable rate of pre-judgment interest. *See Hanson v. Continental*

*Insurance Company*, 940 F.2d 971, 984 (5th Cir. 1991). *See also Dallas v. Fort Worth Regional Airport Board v. Combustion Equipment Associates*, 623 F.2d 1032, 1041 (5th Cir. 1980). In doing so, "[i]t is appropriate for the district court to look at state law for guidance in determining the rate of interest." *Henson*, 940 F.2d at 984. While pre-judgment interest is a question of federal law, since federal law is silent on the subject, state law is an appropriate source of guidance. *Id.*

Under *Johnson & Hagens of Texas v. Canoco Energy*, 962 S.W.2d 507, 528-529 (Tex. 1998), Plaintiff Leonard Firth is entitled to an amount of pre-judgment interest in the same amount to which Firth is entitled to post-judgment interest. *See also Dibler v. Metwest, Inc.,* 1997 WL 222910, at *9 (N.D. Tex. 1997) (awarding pre-judgment interest at the current interest rate for U.S. Treasury bills). Firth's Original Complaint was filed February 20, 2004.

If an annual rate of 6% is used to calculate prejudgment interest. The interest on the jury award from the date of termination (August 4, 2003) through February 13, 2006 would be $15,404.09.

## III.
## POST-JUDGMENT INTEREST

Under 28 U.S.C. § 1961(b), post-judgment interest is calculated from the beginning of the date of the judgment, and was calculated at a rate equal to the coupon issue yield equivalent of the average accepted auction price for the last auction of 52-week United States Treasury Bills sold immediately prior to the judgment. In February of 2001, Congress enacted a new interest rate index retroactive to December of 2000, which amended the interest rate to be applied to federal judgments. That interest rate is now calculated by the US. Government Securities, Treasury Constant Maturity - 1 year, as published by the Federal Reserve Board. As of the date of this Motion is filed, that rate is 4.43%. Accordingly, Plaintiff requests post-judgment interest on the judgment, including taxable court costs, and attorneys' fees at the rate of 4.43%.

## IV.
## TAXABLE COURT COSTS

Exhibit A "Fees and Costs" includes a copy of the Bill of Costs and the itemized detail of taxable costs for Ahmad, Zavitsanos & Anaipakos, P.C. with attached copies providing the support for each itemized cost for which reimbursement is requested.

The total amount of costs in this cast for which Ahmad, Zavitsanos & Anaipakos, P.C. seeks reimbursement is $6,393.30.

Although these costs are self-explanatory, the Plaintiff has outlined here some of the items for which he is seeking as recoverable court costs in this case.

Plaintiff is seeking reimbursement only for those items specifically identified. Not all costs have been included, including most copying costs, postage, delivery charges and fax charges. Plaintiff will summarize some of the categories of the costs he seeks to recover.

1.  Depositions and records

    Plaintiff requests that he be reimbursed for the costs of recording oral depositions taken by stenographic means and for copies of records obtained by deposition on written questions. Although the oral depositions were not used during trial, those same depositions were used during other phases of the litigation, including as exhibits to the Response to Defendant's Motion for Summary Judgment, and in developing case strategy.

2. Photocopies

The photocopies requested as taxable court costs by the Plaintiff were copies provided to the Court or used at trial.

3. Trial Equipment

Plaintiff requests as taxable court costs the cost of the equipment used at trial.

4. Witness Fees & Subpoenas

Plaintiff served subpoenas on four witnesses that testified at trial.

5. Mediation Fee

At the Defendant's request, the parties attempted to mediate this matter shortly before trial.

## IV.
## ATTORNEYS' FEES

Plaintiff is requesting attorneys' fees under 42 U.S.C. § 2000e - 5(k). The Fifth Circuit has outlined 12 factors which a trial court should review in determining a reasonable and necessary fee. *Johnson v. Georgia*

*Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974). These 12 factors are as follows:

- The Time and Labor Involved;

- The Novelty and Difficulty of the Questions;

- The Skill Requisite to Perform the Legal Services Properly;

- The Preclusion of Other Employment by the Attorney Due to This Case;

- The Customary Fee;

- Whether the Fee is Fixed or Contingent;

- Time Limitations;

- The Amount Involved and Results Obtained;

- The Experience, Reputation, and Ability of Counsel;

- The Undesirability of the Case;

- The Nature and Length of the Professional Relationship With the Client; and

- Awards in Similar Cases.

The Fifth Circuit requires a Court to engage in a three-step process in considering the 12 *Johnson* factors:

(1) Ascertain the nature and extent of the services [*Johnson* factor no. 1];

(2) Value the services according to the customary fee and quality of the legal work [*Johnson* factor no. 5]; and thereafter

(3) Adjust the compensation on the basis of the other *Johnson* factors that may be significant in the particular case.

*Leroy v. City of Houston*, 831 F.2d 583 n.11 (5th Cir. 1987), *cert denied*, 486 U.S. 1008 (1988); *Albreti v. Klevenhagen*, 896 F.2d 927, 929-930 (5th Cir. 1990), *different result reached on reh'g*, 903 F.2d 352 (5th Cir. 1990).

Even though this case was transferred to this Court for trial, this Court has had a first-hand opportunity during trial to observe the nature and extent of the services provided by the Plaintiff's attorneys. In awarding fees, the Court is permitted to rely on its own observations of the litigation. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir. 1995); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *Cruz v. Beto*, 453 F. Supp. 905, 909 (S.D. Tex. 1977), *aff'd*, 603 F.2d 1178 (5th Cir. 1979).

Attached as Exhibit B "Joe Ahmad" is the Affidavit of Joseph Y. Ahmad. Exhibit B outlines each of the 12 *Johnson* factors so the Court can determine the appropriateness of the attorney fee award. The total amount of fees being sought by Ahmad, Zavitsanos & Anaipakos, P.C. is $130,514.24.

A court's award of an attorney fee award is reviewed only for an abuse of discretion.  *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983). Detail of Joseph Y. Ahmad's attorneys fees are outlined in Exhibit B-1 "AZA Fees."  Exhibit B-1 reflects the amount of time spent by Joseph Y. Ahmad, Scott Cook and several legal assistants, of Ahmad, Zavitsanos & Anaipakos, P.C. in preparing for and researching this case.  Plaintiffs are requesting a reasonable hourly rate of $355.00 per hour for the work of Joseph Y. Ahmad, $185 for Scott Cook, $125.00 per hour for Gigi Cox, $95.00 per hour for Kelly Leiker, and from $50 - $100 per hour for other clerks and legal assistants that contributed small amounts of time to the case.  As noted in Exhibit B, these amounts are well within the bounds of what is reasonable and necessary in the Houston area.  *See also Associated Builders & Contractors of Louisiana v. Orleans Parish School*, 919 F.2d 374, 379 (5th Cir. 1990).

Attached as Exhibit C "Howard Dulmage" is the Affidavit of Howard Dulmage.  Exhibit C outlines each of the 12 *Johnson* factors so the Court can determine the appropriateness of the attorney fee award.

Howard Dulmage's attorneys fees are outlined in Exhibit C-B which reflects the amount of time spent by Howard Dulmage in preparing for,

assisting, and presenting this case at trial. Plaintiff is requesting a reasonable hourly rate of $250.00 per hour for the work of Howard Dulmage for a total fee of $24,300.00. These amounts are well within the bounds of what is reasonable and necessary in the Houston area.

While Plaintiff is mindful that this Court is not in any way bound by what other judges have done in the Southern District, Plaintiff advises the Court of the following for the Court's information only. Joseph Y. Ahmad has been awarded attorneys' fees by a number of different judges on both the federal and state level. No judge has ever reduced his requested hourly rate.

Courts have recognized that "[Defendants] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the Plaintiff in response." *Copeland v. Marshall*, 641 F.2d 880, 904 (D.C. Cir. 1980) (*en banc*), *cited with approval, City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986); *Henson v. Columbus Bank & Trust,* 770 F.2d 1566, 1575 (11th Cir. 1985); *Graham v. Sauk Prarie Police Commission,* 915 F.2d 1085, 1109 (7th Cir. 1990). Defendant is thus estopped from contesting the Plaintiff's fees based on Plaintiff's response to Defendant's dispositive motions, for example.

Further, Plaintiff made numerous efforts throughout this litigation to resolve the matter short of trial. In addition, this case failed to resolve at mediation held shortly before trial. Moreover, the Fifth Circuit has held that it is generally inappropriate to reduce an attorneys' fees award after applying the *Johnson* standards and determining the reasonable number of hours and the customary fee. *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F.2d 1087, 1096-97 (5th Cir. 1982).

Congress enacted the provision for counsel fees "not simply to penalize litigants who deliberately advance arguments they know to be untenable but, more broadly, to encourage individuals injured by . . . discrimination to seek judicial relief ." *Lea v. Cone Mills Corp.*, 438 F.2d 86, 88 (4th Cir. 1971) (quoting *Newman v. Piggie Polk Enterprises, Inc.,* 490 U.S. 400, 402 (1968); *Robinson v. Lorillard Corp.,* 444 F.2d 791, 804 (4th Cir.) (attorneys' fees are to be imposed not only to penalize defendants for pursuing frivolous arguments, but to encourage individuals to vindicate the strongly expressed congressional policy against discrimination.).

Fees should not be reduced in complex, lengthy and significant cases where the circumstances of the case warrant multiple attorney attendance at depositions, trial, and hearings. *See Vaughns v. Board of Education*,

598 F. Supp. 1262, 1278 (D. Md. 1984), aff'd, 770 F.2d 1244, 1246 (4th Cir. 1985). Reduction of hours is warranted only if counsel *unreasonably* duplicate each other's work. *Spell v. McDaniel,* 824 F.2d 1380, 1402 (4th Cir. 1997). Here, of course, there is very little duplication at all. In fact, attorney Joseph Y. Ahmad did not participate in this case until the trial preparation and trial stage, and duplicative costs have been deleted.

## V.

As noted in the attorneys' affidavits, this case involves complicated matters. These appropriate arguments have required Plaintiff to devote substantial time and resources to comprehensively researching these questions.

When a plaintiff has obtained excellent results, "his attorneys should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation and indeed in some cases of exceptional success an enhanced award may be justified." *Blum v. Stenson,* 465 U.S. 866 (1984). Courts of appeals have held since *Blum* that the contingency of the fee and risk of not prevailing can be a basis of an upward adjustment. See *Vaughns v. Board of Education,* 598 F. Supp. 1262, 1278 (D. Md. 1984), aff'd, 770 F. 2d 1244, 1246 (4th Cir. 1985); *Craik*

*v. Minnesota State University Board*, 738 F.2d 348, 350-51 (8th Cir. 1984); *Merley v. Weinberger*, 741, F.2d 1423, 1431 (D.C. Cir. 1984). Although prevailing parties need not succeed on every point in order to be entitled to full compensation, *Disabled in Action v. Mayor of Baltimore*, 685 F.2d 881, 886 (4th Cir. 1982), that is not the case here.

# VI.
# CONCLUSION

Plaintiff Leonard Firth respectfully requests the entry of a judgment against Defendant Don McGill of West Houston, Ltd. f/k/a Don McGill Toyota, Inc. for the following:

- damages in the amount of $96,916.00;

- attorneys' fees in the amount of $130,514.24 for services rendered by Ahmad, Zavitsanos & Anaipakos, P.C.;

- attorneys' fees in the amount of $24,300.00 for services rendered by Howard Dulmage;

- taxable costs in the amount of $6,393.30;

- pre-judgment interest to be set by the Court;

- post-judgment interest on all amounts in the judgment, including taxable costs, at the rate of 4.43%;

- an order that the Court retain jurisdiction of this case in the event that Don McGill of West Houston, Ltd. f/k/a Don McGill Toyota, Inc. appeals, loses on appeal, and

additional attorneys' fees on behalf of Plaintiff Leonard Firth are incurred; and

- such other and further relief to which Plaintiff Leonard Firth may be justly entitled.

Respectfully Submitted,

AHMAD, ZAVITSANOS & ANAIPAKOS, P.C.


    /s/   Joseph Y. Ahmad
Joseph Y. Ahmad
Attorney in Charge
State Bar No. 00941100
Federal Bar No. 11604
3460 One Houston Center
1221 McKinney Street
Houston, Texas  77010-2009
Telephone:  (713) 655-1101
Telecopier:  (713) 655-0062

OF COUNSEL:
    Howard T. Dulmage
    State Bar No. 24029526
    Federal Bar No. 28826
    Sheehy, Serpe & Ware, P.C.
    2500 Two Houston Center
    909 Fannin St.
    Houston, Texas 77010-1003
    Telephone: (713) 951-1000
    Telecopier: (713) 951-1199

John Zavitsanos
Ahmad, Zavitsanos & Anaipakos, P.C.
Federal I.D. No. 9122
State Bar No. 22251650
3460 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone: (713) 655-1101
Telecopier: (713) 655-0062

ATTORNEYS FOR PLAINTIFF,
LEONARD FIRTH

## NOTICE OF ELECTRONIC FILING

I, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing document in accordance with the Electronic Case Filing System of the U.S. District Court for the Southern District of Texas, on this the 30th day of January, 2006.

    /s/ Joseph Y. Ahmad
Joseph Y. Ahmad

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2006, a true and correct copy of the above and foregoing document has been forwarded via the efile system or by first class mail to all counsel as follows:

Brian M. Chandler
Jill D. Schein
Ramey, Chandler, McKinley & Zito, P.C.
San Felipe Plaza
750 Bering, Suite 600
Houston, Texas 77057


        /s/     Joseph Y. Ahmad
Joseph Ahmad